Samuel Faile, S.
In this accounting proceeding, the executor, also named as the trustee, requests a construction of the will as to its investment powers and also as to the effect of a limitation of $5,000 annually imposed with respect to the authority to invade the principal of residuary trusts.
The court determines that except as to the trust created by paragraph ‘ ‘ third ’ ’ of the will, the trustee is empowered to make such investments as are permitted by section 21 of the Personal Property Law. The provisions of article “ third ” with respect to the fund of $5,000 bequeathed to the trustee restricts investments made by the trustee to securities of the United States, or any States, or municipalities contained therein. Paragraph “ sixteenth ” of the will contains an express grant of power with respect to the retention of investments owned by the testator at the time of his death. The grant of power thereby conferred as to investments made by the trustee is not referable to paragraph “ third ” of the will and was not designed to impose by reference the restrictions upon investments contained in article “ third ” of the will or to impose any restrictions other than those imposed by statute as to investments made by the trustee. Although the statutory standard as to investment powers may not be imposed in violation of an expressed or implied provision to the contrary, in the absence of a contrary limitation or restriction required by the will the investment powers of the fiduciary extend to those investments permitted by the statute. (Matter of Wilson, 127 N. Y. S. 2d 876.)
*613 As to the limitation of $5,000 annually, imposed upon invasions of trust principal, the will is construed as authorizing principal invasions for the purposes stated not to exceed $5,000 annually with respect to each of the trusts created by the will. By his will the testator created three separate trusts, one comprising one half of his residuary estate and the others each comprising one fourth of his residuary estate. By. the will the trustee is authorized in its sole discretion to invade principal to defray expenses for medicines, medical advice, surgery or medical treatment incurred by the wife and children of testator. Considering that the will provides for the creation of three separate trusts, and the respective amounts of the corpus of each trust, as well as the broad discretion conferred upon the trustee and the nature of the purpose and the relationship of the persons for whose benefit such invasions are authorized, it is apparent that the limitation of $5,000 annually was intended to apply to each of the trusts and that such provision was not designed to impose an aggregate limitation of $5,000 annually upon all three trusts.
Settle decree construing the will accordingly.